IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN JOSEPH ECKERT,

    Plaintiff,

v.                                                                                         No. 16-cv-0390 SMV

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum [Doc. 16] ("Motion"), filed on September 6, 2016. The Commissioner responded on December 1, 2016. [Doc. 20]. Plaintiff replied on December 12, 2016. [Doc. 21]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 6]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge's ("ALJ") findings regarding the Listings and the residual functional capacity ("RFC") assessment are not susceptible to meaningful review. The Court cannot say that the ALJ applied the correct legal standards at step three or in formulating the RFC assessment. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## **Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on May 12, 2012. Tr. 75. He alleged a disability-onset date of March 24, 2012. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on September 2, 2014, in Albuquerque, New Mexico. *Id.*, Tr. 8–46. Plaintiff appeared with his then-attorney. Tr. 8, 75. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Nicole B. King. Tr. 75, 41–45.

The ALJ issued her unfavorable decision on January 20, 2015. Tr. 82. She found that Plaintiff met the insured status requirements through December 31, 2017. Tr. 77. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the onset date of his alleged disability. *Id.* Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from severe degenerative disc disease of the cervical spine with cervicalgia, plantar fasciitis, post-traumatic arthritis of the right knee, and mild osteoarthritis of the thumbs and the left fourth finger. Tr. 77–78.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 78. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 78–81. The ALJ found that:

> [Plaintiff] has the [RFC] to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) with the following additional limitations: [Plaintiff] must alternate between sitting and standing approximately hourly. He can only occasionally kneel, crouch, crawl, or reach overhead. Additionally, [he] can frequently but not constantly finger. Sedentary work involves lifting up to 10 pounds occasionally; sitting for up to 2 hours at a time and 6 hours per day; and standing or walking intermittently, up to 2 hours per day.

Tr. 78. In explaining her RFC assessment, the ALJ recounted the symptoms Plaintiff reported and some of the medical evidence contained in the record. Tr. 78–81. After describing this evidence, she made the following findings:

> Whereas Dr. Adamson provided [certain] results, he failed to detail any functional limitations.
> In sum, the claimant has acknowledged performing a wide variety of activities of daily living. It appears that he is not limited to the extent one would expect given the complaints of disabling symptoms and limitations. At times, the claimant has not taken any medications for his symptoms. He has alleged that he is able to walk up to two miles and lift 50 pounds. Moreover, in December 2013, the claimant stated that he was doing well with no problems.
> In reaching this determination, the undersigned has assigned equally significant weight to records (including clinical findings, observations, opinions, and results from objective testing) from the above referenced sources (treating and consultative). The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or has limitations greater than those determined in this decision. Further, the residual functional capacity conclusions reached by the State Agency consultants[, Dr. Green and Dr. Lancanster,] also support a finding of "not disabled". [sic] Although these physicians are non-examining, and therefore their opinions do not merit as much weight as those of examining or treating physicians, their opinions do deserve some weight, particularly in a case like this in which there are other reasons to reach similar conclusions (as explained throughout the decision). SSR 96-6p.

Tr. 81.

Next, at step four, the ALJ found that Plaintiff was able to perform his past relevant work as a public information officer. *Id.* Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim. Tr. 81–82. The Appeals Council denied review on April 20, 2016. Tr. 762–64. Plaintiff timely filed the instant action on May 6, 2016. [Doc. 1].

## **Analysis**

The Court finds that reversal and remand is warranted because the ALJ's findings regarding the Listings and the RFC are not susceptible to meaningful review. The Court cannot say that the correct legal standards were applied at step three or in assessing the RFC. Because remediation of these errors may make Plaintiff's other challenges moot, the Court declines to address those other challenges at this time.

### Listing 1.04(A)

The parties dispute whether the evidence of record would be sufficient to support a finding that Plaintiff meets Listing 1.04(A) for spine disorders. Plaintiff argues that a report from Dr. Adamson and other evidence establish that he meets the Listing. [Doc. 16] at 13 (citing Tr. 44–45 (VE's testimony), 239–42 (argument and citations to evidence from Plaintiff's former attorney); 594–95 (MRI dated September 13, 2013); 596 (Dr. Adamson's report)); [Doc. 21] at 2. Defendant argues that Dr. Adamson's report and the other evidence fail to establish all the criteria of the Listing (e.g., muscular weakness, sensory or reflex loss). [Doc. 20] at 8.

The ALJ expressly indicated that she had considered Listings 1.02 and 1.04. Tr. 78. These are her step-three findings, in their entirety:

> Listing 1.02 (*Dysfunction of a major joint*) and Listing 1.04 (*Disorders of the spine*) were considered. Despite [Plaintiff's] symptoms from his impairments, the medical evidence does not establish the specific criteria of these listings, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.

Tr. 78. Plaintiff complains that these findings are inadequate considering that there is evidence to support the opposite finding. [Doc. 16] at 12–13; [Doc. 20] at 1–2. He argues that the ALJ was required to discuss the evidence and to provide reasons for her conclusion. [Doc. 16] at 13 (citing *Peck v. Barnhart*, 214 F. App'x 730, 734–35 (10th Cir. 2006)); [Doc. 20] at 1.

Certainly, ALJs are not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). But they must give good reasons for their findings, reasons that are sufficiently specific to allow for meaningful review. *Fischer-Ross*, 431 F.3d at 734. At step three, it is preferable for ALJs to discuss the relevant evidence and make specific findings, but failure to do so does not always warrant remand. *See id.* For example, no "remand for a more thorough discussion of the listings" is required "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step-three determination under review." *Id.*; *see Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008).

The step-three findings in this case give no indication as to why the medical evidence did not establish the specific criteria of the Listing. The Court cannot tell what evidence the ALJ was considering or what legal standards she applied to weigh the evidence. The step-three

findings in this case do not allow for meaningful review. Remand is warranted. *See Fischer-Ross*, 431 F.3d at 734.

Residual Functional Capacity Assessment

Plaintiff challenges the RFC assessment because he argues that the ALJ omitted certain functional limitations without explaining the reasons for doing so. [Doc. 16] at 14–16, 18–19, 20. Physical therapist Plummer, Dr. Taylor, and Dr. Lawson all assessed limitations that were more restrictive than those assessed by the ALJ. *Compare* Tr. 577–93 (Ms. Plummer's opinion), *and* Tr. 507 (Dr. Taylor's opinion), *and* Tr. 613 (Dr. Lawson's opinion), *with* Tr. 78 (ALJ's RFC assessment). In fact, Ms. Plummer opined that Plaintiff could not perform full time work at all. Tr. 577, 590 (limiting Plaintiff to a four- to six-hour workday). Plaintiff complains that it was error for the ALJ to fail to explain why she omitted many of the limitations assessed by these providers. [Doc. 16] at 14–16, 18–19, 20.

Defendant argues that Ms. Plummer's assessed limitations are extreme and unsupported by the record and/or contradicted by the non-examining physicians' opinions. [Doc. 20] at 13 (citing Tr. 52–53 (Dr. Green's opinion), 65–66 (Dr. Lancaster's opinion)). Defendant argues that the ALJ was not required to credit Dr. Taylor's opinion because it was rendered seven months prior to the alleged onset date, and because other providers' opinions differed. [Doc. 20] at 14. She further cites to evidence that could support the ALJ's RFC assessment. *Id.* at 15–16.

Defendant's arguments, as Plaintiff correctly points out, amount to post hoc rationalizations for the ALJ's conclusions. The ALJ herself did not provide these explanations for rejecting these opinions. Thus, the Court may not rely on them. *See Robinson v. Barnhart*,

8

366 F.3d 1078, 1084–85 (10th Cir. 2004) (rejecting "post hoc effort to salvage the ALJ's decision").

Defendant also seems to argue that the ALJ did, in fact, sufficiently explain her reasoning. Defendant argues that the ALJ "detailed Ms. Plummer's findings and discussed contradictory evidence." [Doc. 20] at 13–14 (citing Tr. 78–81). The ALJ expressly stated that she accorded "equally significant weight" to all the opinion evidence. *Id.* at 14 (quoting Tr. 81). Therefore, Defendant's position is that the ALJ's reasoning is evident in her decision, which is what matters. *Id.* at 13–14 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) ("In the case of a non-acceptable medical source . . . the ALJ's decision is sufficient if it permits us to 'follow the adjudicator's reasoning.'")). The Court disagrees.

The ALJ described much of the medical evidence, including Ms. Plummer's report. (She did not mention Dr. Taylor's or Dr. Lawson's opinions.) These descriptions, however, merely recounted evidence. *See* Tr. 78–80. Contrary to Defendant's suggestion, beyond the RFC assessment itself, the decision includes very few findings on the medical evidence.[4] Tr. 77–81. The ALJ stated that she had "assigned equally significant weight to the records (including clinical findings, observations, opinions, and results from objective testing)[.]" Tr. 81. She further found that no provider had assessed "limitations greater than those determined in this decision." *Id.* If the limitations assessed in the record could be read as the ALJ's decision suggests (i.e., consistent with the RFC assessment), then Defendant's argument might be more persuasive. But many of the limitations assessed by Ms. Plummer, Dr. Taylor, and Dr. Lawson

---
[4] For example, the ALJ found that Plaintiff's activities of daily did not seem consistent with his reported symptoms, which appears to be a credibility finding. Tr. 81.

9

are not consistent with the RFC. The Court cannot track the ALJ's reasons for rejecting those limitations, nor discern the legal standards applied to weigh the medical evidence. The Court cannot meaningfully review how the ALJ arrived at the RFC assessment. Remand is warranted.

## Conclusion

Remand is warranted to clarify the legal standards applied at step three and in assessing the RFC. Good reasons for the step-three determination and RFC assessment must be evident. Once these errors are addressed on remand, Plaintiff's other challenges may be rendered moot. Therefore, the Court declines to address Plaintiff's other challenges at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum [Doc. 16] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**